## C. BARFIELD, ET AL. *v.* ALEX. MCMURTRY.

[Abstract Kentucky Law Reporter, Vol. 6—445.]

**Statute of Frauds.**

    A mere oral declaration as to the existence of a trust with reference to real estate is within the statute of frauds and can not be enforced.

APPEAL FROM FAYETTE CIRCUIT COURT.

September 13, 1884.

Opinion by Judge Pryor:

After a careful examination of this record and particularly the testimony in support of the alleged trust we can not assume that a trust has been established or that Mrs. Russell had done all that was necessary or that she considered necessary to give to Mrs. Barfield the beneficial ownership of the property. She made the purchase of the property in her own name, paid for it with her own money and had the deed executed to herself, and after this by writing leased this house to Mrs. Barfield and her husband for one year with the privilege of a longer term, requiring them to enter into all the covenants ordinarily pertaining to a lease of such property. Mrs. Russell intended to give to the children of her husband by his first wife the amount of money she had received from his estate as his widow, and by her will she has given them as much as $6,000, one-half of which is given to Mrs. Barfield for life-remainder to her children. In preparing her will the draftsman suggested to Mrs. Russell that she give to Mrs. Barfield the house in controversy in lieu of the $3,000 and she declined to do so for two reasons: 1. Because the house was worth more than $3,000. 2. She thought the interest on the money would provide them the means of living. After her death no claim was set up to the property by Mrs. Barfield or her husband, but on the contrary they agreed to surrender the possession and went so far as to offer to sell the property for the executor.

After all this the appellant now states that she received letters from Mrs. Russell during her lifetime, and all she recollected of the contents or the substance is that she had built the house for her mother and paid the taxes and insurance, and did it to help her along; she always said it was the home of the witness and built for her. If Mrs. Barfield was a competent witness her testimony fails to make out any case. The letters upon which she relies are all lost or destroyed, and when considered with reference to the action of Mrs. Russell and the written evidences of the latter's right there is no evidence sustaining the claim.

Mrs. Russell may have intended at one time to give to her step-

daughter this particular property. She seems to have been fond of her, having raised her from infancy, and as an evidence of the affection she had for her has made Mrs. Barfield one of her principal devisees. The trust if it exists at all must be based upon the parol statements made by the owner that the house belonged to her step-daughter or she had built it for her. There is nothing in the contents of the letters establishing a trust; and even if there were proof of any agreement to sell embodied in those letters, when looking to the testimony for the plaintiff and considering the fact that the evidence of the right had been destroyed by the party claiming to hold under it, the judgment should be for the plaintiff. The devisor had carried into effect her purpose long entertained in restoring, by the devises made to her step-children, the property she received from their father; and to give to Mrs. Barfield the house and lot and the devise of the $3,000 would defeat the intention of the devisor and take from her devisees or executor the title to the realty devised to her own kindred. The intention to give is neither clearly nor satisfactorily established. That Mrs. Barfield had the beneficial use of the property, by the consent of the owner, may be conceded, but this does not establish a trust nor show an intention to do so, and particularly when a lease is executed and an agreement to pay rent by the parties who claim to have entered as owners.

If these parties had entered as purchasers by parol they could not have held the title or the possession as against the vendor. A mere oral declaration as to the existence of the trust with reference to real estate is clearly within the statute of frauds and can not be enforced. General Statutes, ch. 22, § 1, subsec. 6, would embrace this case if there was no proof on the part of the defense. In the case of *Chiles v. Woodson*, 2 Bibb (Ky.) 71, a strong case of trust by parol was shown but defeated by the statute of frauds.

In *Ford v. Ellingwood*, 3 Metc. (Ky.) 359, the father in writing agreed with the son that if he would settle on a certain farm (naming it) he might have it. The son took possession under this gift and was in possession nearly fourteen or fifteen years, had greatly improved the land and made it much more valuable. There was an executed gift based on the consideration of love and affection with a writing evidencing the agreement relied on. Here there is no writing fixing any terms or conditions, but on

the contrary writings have been exhibited by the parties, negativing the idea that any gift was made. It is needless really to discuss the questions involved in this case further than to say that the proof is almost conclusive that no such trust was created as is contended for by the appellant, and if such declarations made by the ·owner of the land as in this case is to divest him or his heirs of title, it in effect dispenses with the necessity of establishing by proof anything more than a mere intention to give that was not reduced to 'writing.

Judgment *affirmed.*

*Breckinridge & Shelby, for appellants.*

*Hunt & Darnall, William Lindsay, for appellee.*